IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA ' | |
| Plaintiff ' | |
| vs ' | CRIMINAL 91-0170CCC |
| LUIS SOLTERO-LOPEZ ' | |
| CARLOS PAGAN-SAN-MIGUEL | |
| JOSE PEREZ-PEREZ, aka PUCHO ' | |
| ERIC RODRIGUEZ-BAEZ | |
| RAFAEL PAVA-BUELBA ' | |
| EDGAR GONZALEZ-VALENTIN | |
| RAUL LUGO-MAYA ' | |
| JONAS CASTILLO-RAMOS | |
| **JULIO LUCIANO-MOSQUERA** and ' | |
| JOSE NUÑEZ-RODRIGUEZ | |
| OSCAR MONTALVO a/k/a ' | |
| OSCAR FONTALVO | |
| ' | |
| Defendants | |

## OPINION AND ORDER

Before the Court is defendant Julio Luciano-Mosquera's Petition for Writ of Audita Querela pursuant to 28 United States Code, Section 1651(a) (Cr. docket entry 522).[1] Plaintiff filed a Response to the Petition (Cr. docket entry 524) and defendant filed a Reply (Cr. docket entry 529). For the reasons discussed below, the Petition is DENIED.

**I. Background**

On July 10, 1992, defendant Julio Luciano-Mosquera (hereinafter defendant or Luciano-Mosquera) along with other co-defendants was found guilty after a jury trial of conspiracy to import cocaine, in violation of 21 United States Code, Section 960 and 963; importation of cocaine, in violation of 21 United States Code, Sections 952 and 18, and 18 United States Code, Section 2; possession of cocaine with the intent to distribute in violation of 21 United States Code, Section 2; and knowingly carrying or aiding and abetting the

---

[1]Criminal docket entry is an abbreviation of criminal docket entry number.

CRIMINAL 91-0170CCC                                 2

carrying of firearms in relation to the drug trafficking crime of importing the cocaine, in violation of 18 United States Code, Section 924(c)(1) and 18 United States Code, Section 2.

Luciano-Mosquera was sentenced to a term of imprisonment of three hundred and sixty months (360) for the conviction of the firearms violation, to be served consecutively to the terms of imprisonment imposed as to the other remaining counts.[2]

Defendant filed a timely notice of appeal challenging the conviction and sentence for the firearms violations, which were affirmed in United States v. Julio Luciano-Mosquera, 63 F.3d 1142, 1st Cir. 1995. Defendant then filed a Motion to Correct or Vacate Sentence pursuant to 28, United States Code, Section 2255 (Civil No. 96-1888CCC, docket entry 1). Said motion was denied (see Civil 96-1888CCC, docket entry 21). Luciano-Mosquera's appeal of the denial of his Section 2255 motion was also denied (Civil No. 96-1888CCC, docket entry 36). It is then that Luciano-Mosquera filed his Writ for Audita Querela (Cr. docket entry 522) once again challenging his firearms conviction and sentence.

**II Legal Analysis**
**A. Standard for Writ of Audita Querela**

A Writ of Audita Querela is available to a defendant who seeks rehearing of a matter based on newly discovered evidence or a newly created legal defense. Black's Law Dictionary, 141 (8th Ed. 2004). The writ may be used "to reopen a judgment when an important matter concerning the defendant's case has arisen since the entry of the judgment." Trenkler v. United States, 536 F.3d 85, 990 n.2 (1st Cir. 2008). The writ is said to attack not the judgment itself, but rather must be "directed against further enforcement of the judgment." Trenkler at n.2. The Writ of Audita Querela is available as a post-conviction form of relief authorized by the All Writs Act, 28 United States Code, Section 1651. The writ may be used to fill in gaps "in

---

[2]Luciano-Mosquera is only challenging the conviction and sentence for the weapons violations.

CRIMINAL 91-0170CCC                 3

the post-conviction remedial scheme." <u>Trenkler</u> at 97.  Title 28 United States Code, Section 2255(e) in its "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section of the statute does not allow a prisoner to apply for a writ of habeas corpus, unless it appears that a remedy pursuant to section 2255 would be either inadequate or ineffective.  <u>United States v. Barret</u>, 178 F.3d 34. at 50 (1st Cir. 1999).  To "put it bluntly, the All Writs Act is not a jujube.  At most, it constitutes 'a residual source of authority to issue writs that are not otherwise covered by statute.'" <u>Trenkler</u>, at 96; <u>Pa. Bureau of Corr. v. U.S. Marshals Service</u>, 474 U.S. 34, 43 (1985).  Artful and somewhat creative pleaders will dance around the boundaries established for the proper filing of a writ.  However, it is not the artful name that is given to a pleading that controls how a court is to view it but its substance.  If a federal prisoner's petition is cognizable under Section 2255, the court should re-characterize the petition as requesting relief pursuant to said section and proceed accordingly, <u>Trenkler</u>, at 98.        The First Circuit has established "that, if applicable at all, the writ of audita querela can only be available where there is a legal objection to a conviction, which has arisen subsequent to that conviction, and which is not redressable pursuant to another post conviction remedy."  <u>United States v. Holder</u>, 936 F.2d 1 at 5 (1st Cir. 1991).  The writ cannot provide a purely equitable basis for relief independent of any legal defect in the judgment.  The legal development subsequent to the conviction must be such that it would render the judgment illegal had it occurred after that development, <u>Holder</u> at 3.

**B. Application to Defendant's Motion**

Much like <u>Trenkler</u>, Luciano-Mosquera alleges that this Court should allow the writ to proceed simply because he has no other avenue of relief.  Defendant's memory fails him.  Luciano-Mosquera raised the issue of his weapons conviction in both his appeal and his 2255 petition, both of which were denied.  He now addresses the same issue in the form of a writ

CRIMINAL 91-0170CCC                                       4

of audita querela. Luciano-Mosquera's argument now is that his conviction and sentence as to the use and carrying of a firearm in further of a drug trafficking offense runs contrary to the holding in Castillo v. United States, 530 U.S. 120 (2000) (holding that the type of weapon used in the offense was an element of the offense that had to be submitted to the jury for its determination). In the case of Luciano-Mosquera, such a determination was not made by the jury. He neither points to newly discovered evidence in his case, nor is there an allegation of a newly created legal defense. Finally, defendant makes no claim of actual innocence.

Defendant merely states that his sentence, although valid at the time of imposition, is now ineffective due to the holding of Castillo and, therefore, in the interest of justice this Court should consider his petition for writ of audita querela. Luciano-Mosquera may call his petition a writ or by any other title, but it still remains a second attempt at a Section 2255 petition due to a change in the law; a change that is not retroactive.[3]

Luciano-Mosquera has made no other argument concerning the availability of new evidence or the existence of other rules of constitutional law that may apply retroactively. Cirilo-Muñoz v. United States, 404 F.3d 527 (1st Cir. 2005). The bare essence of Luciano-Mosquera's writ is nothing more than an unapproved second or successive Section 2255 petition, masquerading as a petition for writ. Trenkler, at 95. As such, defendant's Motion for Writ of Audita Querela is hereby DENIED.

**III. Conclusion**

For the reasons stated, the Court concludes that defendant Julio Luciano-Mosquera is not entitled to the relief presented in his writ of audita querella as presented. Accordingly,

---

[3] The Court notes that Castillo has not been made retroactive by the Supreme Court. United States v. Sullivan, 2002 WL 77076 (D.Me. January 18, 2002) citing In re Tatum, 233 F.3d 857, 859 (5th cir. 2000).

CRIMINAL 91-0170CCC                            5

his request for writ of audita querela pursuant to 28 United States Code, Section 1651(a) (**docket entry 522**) is hereby DENIED.

      SO ORDERED.

      At San Juan, Puerto Rico, on August 27, 2010.

                                          S/CARMEN CONSUELO CEREZO
                                          United States District Judge